IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DE ETTA BROWN                                                                                    PLAINTIFF

vs.                                            Civil No. 1:10-cv-01012

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

De Etta Brown ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 3.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed an application for DIB on September 5, 2007. (Tr. 81-85). In her application, Plaintiff alleged she was disabled due to a number of different impairments, including fibromyalgia, high blood pressure, dizziness, constant pain, back problems, and depression. (Tr. 92). Plaintiff alleged an onset date of May 28, 2007. (Tr. 81). This application was denied initially and again upon reconsideration. (Tr. 50-51).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 64-80). An administrative hearing was held on October 24, 2008 in Little Rock, Arkansas. (Tr. 19-49). Plaintiff was present and was represented by counsel, Denver Thornton, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Dana Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the ninth grade in high school. (Tr. 22).

On November 26, 2008, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 28, 2007, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, carpal tunnel syndrome, irritable bowel syndrome, hypertension, and depression. (Tr. 12, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR

> 404.1567(b) – lift/carry up to 20 pounds occasionally, 10 pounds frequently, stand and/or walk up to a total of 6 hours in an 8-hour workday, sit 2 hours in an 8-hour workday, alternate between sitting and standing at will, push and/or pull 20 pounds occasionally, 10 pounds frequently, occasionally climb, balance, stoop, bend, crouch, kneel, crawl, and reach overhead with right and left upper extremity. Based on a diagnosis of depression, she is able to perform work where interpersonal contact is incidental to work performed, complexity of tasks is learned and performed by rote, few variables, little judgment, and supervision required is simple, direct, and concrete.

(Tr. 13-17, Finding 5).

The ALJ evaluated Plaintiff's PRW ("PRW"). (Tr. 17, Finding 6). The ALJ determined Plaintiff's PRW included work as a small parts assembler (unskilled, light) and counter clerk (unskilled, light). *Id.* Based upon her RFC, the ALJ determined Plaintiff retained the ability to perform both of these jobs. *Id.* Accordingly, because Plaintiff retained the RFC to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from May 28, 2007 through the date of the his decision or through November 26, 2008. (Tr. 17, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On November 26, 2008, the Appeals Council declined to review this unfavorable decision. (Tr. 7-9). On February 25, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 8, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 5-6. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As

long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant

work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. <u>**Discussion:**</u>

In her appeal brief, Plaintiff raises three arguments for reversal: (1) the ALJ failed to understand the nature and severity of the medical evidence; (2) the ALJ performed an improper *Polaski* evaluation; and (3) the ALJ posed an improper hypothetical to the VE. ECF No. 5 at 3-14. In response, Defendant claims the ALJ properly evaluated Plaintiff's RFC and properly evaluated Plaintiff's medical records. ECF No. 6 at 2-7. Defendant also claims the ALJ properly evaluated Plaintiff's subjective complaints of disabling pain and discomfort and discounted them for legally-sufficient reasons. *Id.* at 7-10. Finally, Defendant claims the ALJ properly based his disability determination upon the VE's testimony that Plaintiff could perform her PRW. *Id.* at 10-12. Because this Court finds the ALJ failed to fully consider the nature and severity of Plaintiff's impairments and failed to seek follow-up opinions from Plaintiff's treating physicians, this case must be reversed and remanded.

Plaintiff alleged an onset date of May 28, 2007. (Tr. 81). Plaintiff's medical records indicate that as of her alleged onset date, she was under the care of Robert A. Watson, II, M.D. (Tr. 218-227), Dr. D'Orsay D. Bryant, III, M.D. (Tr. 195-197), Dr. Bruce Safman, M.D. (Tr. 202-204), Dr. Geetha Komatireddy, M.D. (Tr. 322-323, 319-320, 324-325), Dr. Marilyn Marshall, M.D. (Tr. 329-336, 340-341), Dr. Thomas M. Kovaleski, M.D. (Tr. 349-351), and Dr. Tamer Alsebai, M.D. (Tr. 357-359).

5

All of these physicians indicated Plaintiff suffered from fibromyalgia, and several of these physicians treated Plaintiff for and diagnosed Plaintiff with fibromyalgia. These medical records reflect that Plaintiff repeatedly, for over a one-year period, reported that she suffered from severe pain and was unable to work. These records also indicate that Plaintiff consistently sought treatment for her alleged pain. Despite this fact, the ALJ still discounted her subjective complaints of pain and found she retained the RFC to perform a wide range of light work.

Further, and more importantly, in evaluating Plaintiff's medical records, the ALJ stated he fully considered the records from Plaintiff's treating physicians and gave "great weight" to their opinions. (Tr. 17). The ALJ did not, however, state how he gave "great weight" to their opinions and still discarded their findings that Plaintiff suffered from consistent, chronic pain and fibromyalgia. Indeed, even though it does not appear Plaintiff's treating physicians specifically referenced any functional restrictions in their treatment records, they had no need to do so because the issue was not before them. Had they been presented with the question of whether Plaintiff had any functional restrictions, actually addressed the issue, and stated Plaintiff had no or limited functional restrictions, this Court would be more inclined to defer to the ALJ's disability determination.

The Social Security Regulations, however, clearly state that the ALJ has the duty to re-contact medical sources (including treating sources) and possibly order consultative examinations where the record does not clearly reflect a claimant's functional restrictions. *See* 20 C.F.R. § 404.1512(e)-(f) (2010). Here, the ALJ did not re-contact Plaintiff's treating physicians. Further, based upon his opinion, the ALJ did not order a consultative examination to assess Plaintiff's functional restrictions due to her fibromyalgia and chronic pain.[2] (Tr. 10-17). Therefore, this case must be reversed and

---

[2] Indeed, the ALJ referenced no consultative examination in his opinion. (Tr. 10-17).

remanded for further development of the record.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 7th day of February, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE